# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MINNESOTA

In re:

ALLEN MIDDLETON and CHRISTINE MIDDLETON     Bky. Case No. 14-43048

Chapter 13 Case

Debtor(s).

## NOTICE OF HEARING AND MOTION TO VALUE CLAIM OF GREAT SOUTHERN BANK

TO: Chapter 13 Trustee, United States Trustee, all judgment creditors and all parties in interest as specified in Local Rule 9013-3.

Chapter 13 Debtor(s) ALLEN MIDDLETON and CHRISTINE MIDDLETON (the "Debtors") come now for this Motion to Value Claim of Great Southern Bank and gives notice of hearing.

1. The Court will hold a hearing on this motion at 10:30 AM. on November 6, 2014, at U.S. Courthouse, Courtroom 7 West,. 300 South Fourth Street, Minneapolis, MN 55417.  Any response to this motion must be served and filed no later than October 31, 2014, which is 5 days before the date set for hearing (excluding Saturdays, Sundays, or holidays).  UNLESS A RESPONSE OPPOSING THIS APPLICATION IS TIMELY FILED, THE COURT MAY GRANT THE APPLICATION WITHOUT A HEARING.

2. The court has jurisdiction over this motion pursuant to 28 U.S.C. 157 and 1334, bankruptcy Rule 5005 and Local Rule 1070-1.  This proceeding is a core proceeding. This case was commenced by the filing of the Debtors voluntary petition on 7/24/2014 (the "Petition Date").

3. An appraisal dated June 23, 2014 places the fair market value of the Debtors' home located at 3912 Monterey Ave, St. Louis Park, MN 55416 at $335,000.00. *See* attached Certified appraisal.

4. The Debtors seek the entry of an order, pursuant to Bankruptcy Code § 506(a) and Bankruptcy Rule 3012, determining the Petition Date value of the Property to be $335,000.00.

5. The Property is subject to three (3) mortgages.

6. The first-priority mortgage, dated May 12, 2008, was executed by the Debtors to Marketplace Home Mortgage, LLC in the original principal amount of $417,000.00 . The mortgage was formally assigned to Citimortgage on 3/27/2013, and the assignment was recorded as document AO9927866. The mortgage was then assigned to Fannie Mae/Seterus on February 13, 2014 as document number A10054569.

7. The first mortgage asserts a petition date secured claim of $403395.56.

8. The second-priority mortgage, filed on May 12, 2008 in the original amount of $287,000.00 was recorded as document number 9131491 in favor of Inter Savings Bank. Inter Savings Bank was placed into a receivership on April 12, 2012, with the FDIC named as a receiver. Per the press release of April 12, 2012, press release number 048-2012, Inter Savings Bank accounts were assumed and purchased by Great Southern Bank. See attached news release.

9. The second mortgage, now owned by Great Southern Bank, has written off this debt and has not filed a claim.

10. The Petition Date claim secured by the first-priority mortgage exceeds the Petition Date value of the Property by $68395.56

11. A third priority mortgage, dated May 28, 2008, was executed by the Debtors to Center for Energy and Environment, in the original principal amount of $10,000.00. The mortgage was recorded as document number 9139259. Debtors paid this debt in full in 2012 and the creditor has not yet provided a release of its mortgage. Debtors plan provides that a claim by Center for Energy and Environment, if filed, will not be paid. No such claim has been filed. Debtor will be able to obtain a satisfaction of this mortgage without further assistance from the court.

12. There is no value in the Property to which the lien of the second-priority mortgage may attach.

13. The Debtors seek the entry of an order, pursuant to Bankruptcy Code § 502 and Bankruptcy Rule 3007, treating any claim by Great Southern Bank as a non-priority unsecured claim according to the Debtors' plan.

14. Contemporaneously with the hearing on the Confirmation of this plan, Debtors have brought a motion pursuant to 11 U.S.C. 506, Fed.R.Bankr.P. 3012, and Local Rule 3012-1, to determine the value of this secured claim of Great Southern Bank.

15. As a result of the above valuation and reclassification, the lien of the second-priority mortgage may be avoided under Bankruptcy Code § 506(d).

16. Bankruptcy Code §1322(b)(2)'s anti-modification provision does not prevent this result. This modification is explicitly allowed by <u>Fisette v. Keller,</u> 695 F3rd 803 (8th Cir 2012).

17. The Debtors do not contest the validity, priority or extent of such lien.

18  No prior request has been made to this or any other Court for the relief sought in this motion.

19  The Debtors have submitted a Memorandum of Law in support of their motion.

WHEREFORE, chapter 13 Debtors Allen and Christine Middleton seek the entry of an order:

1    Determining the value of the Property at 3912 Monterey Ave., St. Louis Park, Minnesota 55416, legally described as: Lot 4, Block 10, "Minikahda Vista, St. Louis Park, Minn.," together with driveway easement over following premises: Commencing at the Northeast corner of Lot 5, Block 10, Minikahda Vista Addition, West along the North line of said Lot 5 a distance of Ninety-seven (97) feet; thence South a distance of Four (4) feet; thence East along a line parallel to the North line of said lot a distance of Ninety-seven (97) feet; thence North Four(4) feet along the East line of said Lot 5 to the point of beginning, all of which is located in Hennepin County, Minnesota. According to the plat thereof on file and of record in the Office of the Register of Deeds, in and for Hennepin County, Minnesota.

2  Classifying any claim by Great Southern Bank as a non- priority unsecured claim.

3  Providing that the second priority mortgage claim of Great Southern Bank shall be deemed and considered and treated as a general unsecured claim in it's entirety in this Chapter 13 case, to share pro rata with the other general unsecured creditors pursuant to the debtors' Chapter 13 plan.

4  For such other and further relief as is just and proper.

Dated: September 23, 2014        /e/ Barbara J May
                                          Barbara J May Law Office
                                          2780 N. Snelling #102
                                          Roseville, MN  55113
                                          651-486-8887
                                          Attorney ID 129689

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MINNESOTA**

---

In re:

ALLEN MIDDLETON and CHRISTINE MIDDLETON,   Bky. Case No. 14-43048
Chapter 13 Case

Debtor(s).

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEBTORS RICHARD AND SANDRA WILLIAMS FOR AN ORDER VALUING CLAIM OF CITIMORTGAGE**

---

TO: Chapter 13 Trustee, United States Trustee, all judgment creditors and all parties in interest as specified in Local Rule 9013-3.

Chapter 13 Debtors ALLEN MIDDLETON and CHRISTINE MIDDLETON (the "Debtors") have this date filed their motion seeking the entry of an order Determining the value of the Property, classifying any claim by Great Southern Bank as a non-priority unsecured claim, and providing that the second priority mortgage claim of Great Southern Bank shall be deemed and considered and treated as a general unsecured claim in it's entirety in this Chapter 13 case, to share pro rata with the other general unsecured creditors pursuant to the debtors' Chapter 13 plan.

> In *Nobelman v. American Savings Bank,* 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993)*,* Justice Clarence Thomas observed that § 1322(b)(2) focuses on the rights of a holder of a secured claim secured by a security interest in the debtor's primary residence and not the claim itself. These rights, he reasoned, may not be modified, and the rights contained in the note and mortgage include 'the right to repayment of the principal in monthly installments over a fixed term ... the right to retain a lien until the debt is paid off... and the right to bring an action to recover any deficiency remaining after foreclosure...' *Nobelman,* 508 U.S. at 329, 113 S.Ct. 2106.
>
> However, Justice Thomas also pointed out that '[p]etitioners were correct in looking to § 506(a) for a judicial valuation of the collateral to determine the status of the bank's secured claim.' *Nobelman,* 508 U.S. at 328, 113 S.Ct. 2106. The

> Court in *Nobelman* proceeded to observe that the bank still held a partially secured claim, and, therefore, since it held a secured claim as defined by § 506, was entitled to the antimodification protection of § 1322(b)(2)."

*In re Black*, 260 B.R. 134, 139 (Bkrtcy.E.D.Ark., 2001).   <u>Fisette v. Keller,</u>    695 F3rd 803 (8th Cir 2012),.  followed the path established by  <u>Nobelman, supra</u>..

A lien in property is not secured (and the claim to which such lien pertains is not a "secured claim") if there exists "insufficient equity in the property to cover any portion of that lien." *In re Pond*, 252 F.3d 122, 127 (2d Cir. 2001).

The holder of a wholly unsecured lien, as determined under Bankruptcy Code § 506(a), is not the holder of "'a claim secured only by a security interest in . . . the [debtors'] principal residence' and, therefore, [its] rights in the lien are not protected under the antimodification provision of 11 U.S.C. § 1322(b)(2)." *In re Pond*, *id*.

The Debtors may move to 'strip-off' a wholly-unsecured lien by a valuation motion brought pursuant to Bankruptcy Rule 3012 and Bankruptcy Code § 506. Such motion should explicitly state that the motion does not contest the validity, extent or priority of the lien. *In re Robert*, 313 B.R. 545 (Bankr. N.D.N.Y. 2004).

The majority of courts hold that the appropriate procedure for lien avoidance under Section 506 is by motion because lien avoidance is the inevitable byproduct of valuing a claim, which is accomplished by motion pursuant to Bankruptcy Rule 3012. No further proceeding is required. *In re Hoskins,* 262 B.R. 693 (Bankr.E.D.Mich.2001); *In re Fuller, Jr.,* 255 B.R. 300 (Bankr.W.D.Mich.2000);*In re Jones,* 152 B.R. 155 (Bankr.E.D.Mich.1993); *Lee Servicing Co. v. Wolf (In re Wolf),* 162 B.R. 98 (Bankr.D.N.J.1993). "Once the value of the secured claim is determined, the attendant lien is stripped off automatically under Section 506(d)." *In re Sadala*, 294 B.R. 180, 183 (Bkrtcy.M.D.Fla. 2003).

In *In re Mansaray-Ruffin*, 2008 WL 2498048 (3d. Cir. June 24, 2008), the court distinguished challenging the validity of a lien from the valuation of the collateral to which a lien attaches to determine the amount of a secured claim, the former requiring an adversary proceeding. *Mansaray-Ruffin* cites *In re Enewally*, 368 F.3d 1165, 1173 (9th Cir.) *cert. denied* 543 U.S. 1021, 125 S.Ct. 669, 160 L.Ed. 497 (2004) which "…confirmed that Rule 7001 does not require a debtor to file an adversary complaint where the debtor seeks to modify the lien amount based on the value of the collateral." *Mansary-Ruffin* at 9-10.

In *In re Kemp*, 391 B.R. 262 (Bankr.D.N.J. 2008), the court further extrapolated from *Mansaray-Ruffin* in regard to motions versus adversaries when lien stripping. The court held that the debtor was seeking valuation of the lien at issue, and was not contesting the validity, priority or extent of the lien. In so doing the court relied on F.R.B.P. 3012 which states "[t]he court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest." *Kemp* at 265. The Kemp court also cited 10 Lawrence P. King, *Collier on Bankruptcy,* ¶ 7001.03[1] at 7001-10 (15th Ed. Rev.2008):

> Under section 506(a) of the Code, secured claims are to be valued and allowed as secured to the extent of the value of the collateral and unsecured for the excess over such value. Rule 3012 implements section 506(a) and provides that the court may determine the value of a claim secured by a lien on property in which the estate has an interest on *motion* of any party in interest. One could argue that such a proceeding is one to determine the "extent" of the lien. The Advisory Committee Note to Rule 3012 refutes this notion by making the distinction that a Rule 7001 adversary proceeding "is relevant to the basis of the lien itself" as distinguished from valuation for the purposes given in examples in that Note, such as to determine the issue of adequate protection under section 361, impairment under section 1124 or treatment of the claim in a plan pursuant to section 1129(b). Thus, under the Bankruptcy Rules, valuation is accomplished by motion under Rule 9014, rather than in an adversary proceeding under Rule 7001." Kemp at 265-266.

In *In re Calendar* 262 BR 777 (8th Cir.BAP (Mo.), 2001) (Opinion written by Judge Kressel with Judge O'Brien concurring on the panel) the Court stated:

> In *Nobelman v. American Savings Bank,* 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993), the Supreme Court held that § 1322(b)(2)'s antimodification

> provision protect a creditor who is 'secured' by the homestead even if it is not the holder of a secured claim within the meaning of 11 U.S.C. § 506(a). Since that decision, a number of courts have held that *Nobelman* only applies when the creditor holds some secured claim. According to these courts, a plan may modify the rights of a creditor who is secured as a matter of state law but who is not the holder of a § 506(a) secured claim. *See, e.g. McDonald v. Master Financial (In re McDonald),* 205 F.3d 606 (3rd Cir.2000); *Tanner v. FirstPlus Financial (In re Tanner),* 217 F.3d 1357 (11th Cir.2000); *Bartee v. Tara Colony Homeowners Ass'n (Matter of Bartee),* 212 F.3d 277 (5th Cir.2000); *contra In re Cater,* 240 B.R. 420 (M.D.Ala.1999); *In re Mattson,* 210 B.R. 157 (Bankr.D.Minn.1997).
>
> However, cramdown and lien stripping are confirmation issues which were presumably explicitly or implicitly resolved when the bankruptcy court confirmed the debtor's plan. In other words, what a creditor's secured claim is and how much has to be paid to the creditor are two different issues. In fact, it is the very point of § 1322(b)(2) that eligible creditors are paid in full regardless of what their secured claims are."

*Calendar* at 779-780. *Mattson*, a 1997 court-level opinion of Judge Kressel, appears to be of limited precedential value, as Judge Kressel said in *Calendar* that *Mattson* was contra to the emerging trend in favor of lien stripping. In *Calendar*, the first mortgage claim was $92,000, the house was worth $95,000, there was a disputed mechanics lien with unstated amount, but presumably in excess of the remaining $3000 in equity, which, if valid, would have had priority over the next secured creditor in line, American General Finance.  The Court stated "If, as argued by the debtor, that claim has priority over the claim of American General, then there would be no value left to secure American General Finance's claim. It would then have no secured claim." While *Calendar* did not rule on lien stripping as the BAP remanded for the court on grounds of considering the res judicata implications of an already-confirmed plan, it is submitted that *Calendar* provides acceptance in this Circuit for lien stripping.

WHEREFORE, chapter 13 Debtors ALLEN MIDDLETON and CHRISTINE MIDDLETON seek the

entry of an order (i) determining the value of the Property and the second-priority mortgage lien thereon; (ii) providing for the avoidance of the lien of the wholly unsecured second-priority mortgage on the Property upon successful completion of the Debtors' modified chapter 13 plan, (iii) reclassifying any potential claim arising from said mortgage as a non-priority unsecured claim, and (iv) for such other and further relief as is just and proper.

Dated: September 23, 2014          /e/ Barbara J May
                                   Barbara J May Law Office
                                   2780 N. Snelling #102
                                   Roseville, MN  55113
                                   651-486-8887
                                   Attorney ID 129689

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF MINNESOTA

In re:

ALLEN MIDDLETON and CHRISTINE MIDDLETON,     Bky. Case No. 14-43048

                        Debtor(s).     Chapter 13 Case

## ORDER GRANTING MOTION

At _____, Minnesota, on _____.

This matter came before the court on debtors' motion to determine the value of the secured claim of Great Southern Bank. The court has found that proper notice was served and there was no response. Based on the file, record, and proceedings herein,

IT IS FOUND, DETERMINED, AND ORDERED:

1. The Motion is granted.

2. Any claim filed by Great Southern Bank, is wholly unsecured pursuant to 11 U.S.C. Section 506.

Dated:_____        _____
                                                        MICHAEL RIDGEWAY
                                                        Judge of Bankruptcy Court

| | | |
|---|---|---|
| STATE OF MINNESOTA | ) | |
| | ) SS | Case No.: BKY 14-43048 |
| COUNTY OF RAMSEY | ) | |

Barbara J. May, being duly sworn upon oath, says that on the 23rd day of September, 2014, she served via <u>certified</u>

US Mail, the Motion to value claim of Great Southern Bank upon:

U.S. Trustee
1015 U.S. Courthouse
300 South 4th Street
Minneapolis, MN 55415

GREGORY BURRELL
310 PLYMOUTH BULDING
12 SOUTH SIXTH STREET
MINNEAPOLIS, MINNESOTA 55415

**Seterus, Inc.**
Jay Hamilton Memmot, President
14523 SW Millikan Way #200
Beaverton, Ohio 97005

The namer and address of the Chief Executive was
verified with the Secretary of State.  I then called there
and verified again.

**Great Southern Bank**
Joseph W. Turner, CEO
1451 E. Battlefield
Springfield, MO  65804

Great Southern Bank has their phone and address on their
webpage. I called their published phone number and verified
Mr. Turner's address and status.

**Center for Energy and Environment**
Shelden Strom
212 3rd Avenue North, Suite 560
Minneapolis, MN 55401

Mr. Strom is listed as the CEO on the CEE webpage.  I called CEE
to verify his status and address.